UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REGINALD SONDS,

                                Plaintiff,

            vs.                               9:11-CV-895
                                                    (NAM/ATB)

ANDREW M. CUOMO, *et al.*,

                                Defendants.

_____

REGINALD SONDS, Plaintiff, *pro se*
JAMES SEAMAN, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

    This matter has been referred to me for Report and Recommendation by the Honorable Norman A. Mordue, United States District Judge, pursuant to 28 U.S.C. § 636 (b) and Local Rules N.D.N.Y. 72.3(c).  Plaintiff brought this action under the Freedom of Information Act[1] (FOIA), seeking "to compel disclosure . . . of the names and business addresses of the employees of New York Department of Correctional Services Coxsackie Correctional Facility."  (Compl. ¶ 1).  Plaintiff also seeks a declaratory judgment "declaring that the names and addresses of each and every employee of [the] Office of the Counsel New York State DOCS and Coxsackie Correctional Facility in any regional office or territory is nonexempt and

---

[1] 5 U.S.C. § 552(a)(4)(B).

subject to disclosure."  (Compl. ¶ 20B).

Presently before the court is defendants' motion for an order denying

plaintiff's *in forma pauperis* (IFP) status pursuant to 28 U.S.C. § 1915(g), and to

dismiss this complaint pursuant to Fed. R. Civ. P. 12 (b)(1), (2), (5), and (6).  (Dkt.

No. 3).  For the following reasons, this court agrees that plaintiff has at least three

"strikes," and will recommend denying plaintiff's IFP status.  In addition, because

this case would fail to state a claim, this court will recommend dismissing the case

in its entirety with prejudice.

## I.    "Three Strikes" Provision of the PLRA

### A.    Legal Standards

The "three strikes" section of the PLRA prohibits the filing of an action *in*

*forma pauperis* when the plaintiff has had federal actions or appeals dismissed on at

least three prior occasions, either for failure to state a claim or for frivolousness.  28

U.S.C. § 1915(g).  The purpose of section 1915(g) is to "stem the tide of

egregiously meritless lawsuits" by "forcing prisoners to go through the same

thought process non-inmates go through before filing a suit, *i.e.* is filing this suit

worth the costs?"  *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007) (citations

omitted).

Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding [*in forma
> pauperis*] if the prisoner has, on three or more prior
> occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger
> of serious physical injury.

An action may be dismissed pursuant to section 1915(g), even if the court originally granted plaintiff *in forma pauperis* status.  *See, e.g., Gamble v. Maynard*, 9:06-CV-1543 (DNH/DEP), 2008 WL 150364, at *5, 2008 U.S. Dist. LEXIS 2621 (N.D.N.Y. Jan. 14, 2008)  (conditionally dismissing complaint under section 1915(g) and finding that *in forma pauperis* status was improvidently granted); *Luevano v. Clinton*, 5:10-CV-754 (GTS/ATB), 2010 WL 3338704, at *3, 2010 U.S. Dist. LEXIS 86273 (N.D.N.Y. July 1, 2010).  An action is "frivolous" for purposes of the statute if it "'lacks an arguable basis either in law or in fact.'"  *Id*. at 442 (citation omitted).  In determining whether a dismissal satisfies the failure to state a claim prong of the statute, courts have drawn upon the provisions of Fed. R. Civ. P. 12(b)(6) for guidance, in light of the similarity in phrasing utilized in the two provisions.  *Id*.  The three strikes provision applies to cases that were dismissed for failure to state a claim or for frivolousness even prior to the 1996 enactment of section 1915(g).  *Welch v. Galie,* 207 F.3d 130, 132 (2d Cir. 2000).

A dismissal cannot count as a strike until after the opportunity to appeal has been exhausted or waived.  *See, e.g., Partee v. Connolly*, 08 Civ. 4007, 2009 WL

1788375, at *2, 2009 U.S. Dist. LEXIS 54645 (S.D.N.Y. June 23, 2009) (collecting cases). If a district court dismisses an action on a ground specified in section 1915(g), and an appellate court simply affirms, together the decisions constitute a single strike. *Id.*; *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436–37 (D.C. Cir. 2007). However, when a district court dismisses an action for any of the reasons set forth under the three strikes statute, and if the subsequent appeal is dismissed as frivolous, then the two decisions count as separate strikes. *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) ("sequential dismissals on strike grounds can provide separate strikes under § 1915(g)").

If plaintiff has three strikes, section 1915(g) prevents plaintiff from filing a subsequent action *in forma pauperis* unless the plaintiff is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). This exception to section 1915(g) has been interpreted to apply only if the plaintiff faces imminent danger of serious physical injury "at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002).

### B.   Application

On September 20, 2001, District Court Judge Reena Raggi dismissed an action filed by plaintiff in the Eastern District of New York. *Sonds v. Davis*, No. 01-CV-4319, 2001 WL 1328424, at *2, 2001 U.S. Dist. LEXIS 17582, at *5–7 (E.D.N.Y. Sept. 20, 2001). Judge Raggi explained that she had previously dismissed three actions filed by plaintiff based on failure to exhaust administrative

4

remedies and failure to state a claim, and these dismissals were thus "strikes" for the purposes of section 1915(g).  *Id.*  Judge Raggi also dismissed *Sonds v. Davis*, No. 01-CV-4319 as frivolous, for failing to state a claim, and because many of the named defendants were immune from suit.  *Id.*  Judge Raggi further certified, under section 1915(a)(3), that any appeal from that order would not be taken in good faith. *Id*. at *7.

On September 21, 2010, plaintiff filed an action in the Northern District of New York against various prison officials.  *Sonds v. Fischer, et al.*, No. 10-CV-1130 (TJM/RFT) (N.D.N.Y.)  Judge McAvoy denied plaintiff's application to proceed *in forma pauperis*, holding that the three actions dismissed by Judge Raggi in the Eastern District of New York constituted strikes pursuant to section 1915(g). *Id.*

This court agrees with Judge Raggi and Judge McAvoy that plaintiff has at least three "strikes" pursuant to section 1915(g).  In addition, because Judge Raggi's September 20, 2001 order also dismissed plaintiff's action as frivolous and for failing to state a claim, it counts as an additional "strike."  Because plaintiff has four previous actions that were dismissed for failure to state a claim, plaintiff is thus barred from filing this action *in forma pauperis*.

 An exception to a three-strikes bar exists if plaintiff can establish that he was "under imminent danger of serious physical injury" when he commenced this action.  28 U.S.C. § 1915(g). When evaluating whether a plaintiff is under

"imminent danger," courts consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would *redress* that injury." *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009).  Plaintiff alleges no danger of physical harm, and the relief sought (names and addresses of "each and every employee of Office of the Counsel [sic], state Campus Building 2 [sic], New York State DOCS, and Coxsackie [Correctional Facility] located in Albany, N.Y. and Coxsackie N.Y." (Compl. ¶ 20A)) would redress no physical injury.  Accordingly, the imminent danger exception does not apply, and plaintiff's application to proceed *in forma pauperis* should be denied.

Generally, a dismissal based upon the three strikes provision of the PLRA involves denying or revoking IFP, but giving plaintiff the opportunity to pay the $350.00 filing fee prior to dismissal of the action.  *See Ortiz v. McBride*, 380 F.3d 649, 659 n. 7 (2d Cir. 2004).  However, a review of the merits shows that the court need not give plaintiff this option, because the action would be dismissed for failure to state a claim, even if plaintiff paid the filing fee.

## II.   <u>FOIA Request</u>

FOIA empowers district courts to enjoin an agency from withholding agency records that have been improperly withheld.  5 U.S.C. § 552(a)(4)(B).  "Agency" is been defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the

executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). In addition, for the purposes of the FOIA, "agency" is defined to refer to only *federal* agencies. 5 U.S.C. § 551(1). Plaintiff is seeking materials from *state* agencies, not federal agencies, and thus cannot state a viable FOIA claim.

It appears that the state agencies treated plaintiff's request as one brought under the New York State Freedom of Information Law (FOIL), which is the appropriate method for requesting material from *state* agencies. (Pl.'s Ex. B; *see also* N.Y. Pub. Off. Law § 89. The New York FOIL specifies that when an administrative appeal is denied by a state agency, the plaintiff may challenge that denial by bringing a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules. N.Y. Pub. Off. Law § 89(4)(b); *see also Schuloff v. Fields*, 950 F. Supp. 66, 67–68 (E.D.N.Y. 1997) ("The appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information Law is a state court proceeding pursuant to N.Y. C.P.L.R. Article 78 upon exhaustion of administrative remedies."). Plaintiff's state FOIL request cannot be the basis of a federal action. *Id.* (a federal district court "does not have jurisdiction to decide whether defendant violated a state law granting the public access to official records").

Normally, when a plaintiff fails to state a claim, the court would allow plaintiff the opportunity to amend the complaint prior to dismissing the case. *See*

*Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("A *pro se* complaint 'should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991))).  However, a "'district court need not grant a *pro se* plaintiff leave to amend if it can rule out any possibility, however unlikely it might be, that an amended complaint would succeed.'" *Lesch v. United States*, 372 F. App'x 182, 183 (2d Cir. 2010) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  Nothing in plaintiff's complaint gives any indication that it could be amended to state a viable federal claim.[2]  Accordingly, plaintiff's complaint should be dismissed with prejudice without leave to amend.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **DENIED** based on 28 U.S.C. § 1915(g), and it is further

**RECOMMENDED**, that defendants' Motion to Dismiss (Dkt. No. 3) be **GRANTED**, and that plaintiff's complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §

---

[2] Even if plaintiff were to attempt to recast his claims in constitutional terms under 42 U.S.C. § 1983, "defendants' failure to provide . . . requested documents [would] not amount to a constitutional violation."  *See, e.g.*, *Blount v. Brown*, No. 10-CV-1548, 2010 WL 1945858, at *2, 2010 U.S. Dist. LEXIS 47406, at *6 (E.D.N.Y. May 11, 2010) (the alleged failure to provide documents requested under FOIL failed to state a due process claim cognizable under Section 1983); *Lawrence v. Antonucci*, No. 04-CV-356, 2005 WL 643457, at *3–4, 2005 U.S. Dist. LEXIS 38777 , at *8–13 (W.D.N.Y. Mar. 16, 2005) .

1915(e)(2)(B)(i)–(ii) and it is further

**RECOMMENDED**, that if the District Court approves this recommendation, the court certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 3, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge