UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
ooooooooooooooooooooooooooooooooooooooooooooooooooooo

**REGINALD SONDS,**

                                 **Plaintiff,**

                      **-v-**                                     **9:11-CV-895 (NAM/ATB)**

**ANDREW M. CUOMO, United States of America,
and NYS DOCS,**

                                **Defendants.**

ooooooooooooooooooooooooooooooooooooooooooooooooooooo

APPEARANCES:

Reginald Sonds
47917-053
Victorville Medium I Federal Correctional Institution
P.O. BOX 5300
Adelanto, California 92301
Plaintiff, *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
James J. Seaman, Esq.., Assistant Attorney General
Office of the New York State Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff, an inmate in a federal correctional institution, brings this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), seeking disclosure of "the names and business addresses of the employees of New York State Department of Correctional Services Coxsackie Correctional Facility" and a judgment declaring "that the names and addresses of each and every employee of [the] Office of the Counsel New York State DOCS and Coxsackie Correctional Facility in any regional office or territory is nonexempt and subject to disclosure."

Plaintiff moved (Dkt. No. 2) for *in forma pauperis* ("IFP") status.

Defendants moved (Dkt. No. 3) for denial of IFP status pursuant to 28 U.S.C. § 1915(g) and for dismissal of the complaint. Upon referral pursuant to 28 U.S.C. § 636 (b) and Local Rules N.D.N.Y. 72.3(c), United States Magistrate Judge Andrew T. Baxter issued a Report and Recommendation (Dkt. No. 8) on February 3, 2012, recommending that that plaintiff's motion to proceed IFP (Dkt. No. 2) be denied based on 28 U.S.C. § 1915(g); that defendants' motion to dismiss (Dkt. No. 3) be granted; that the complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); and that, if this Court accepts the recommendation, it certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

On February 21, 2012, plaintiff filed a response in opposition to defendants' motion (Dkt. No. 9). The Court treats this response as plaintiff's objection to the Report and Recommendation. Plaintiff disputes the calculation of section 1915(g) "strikes" against him; upon *de novo* review of the issue, the Court finds that plaintiff has at least three strikes and that he is not entitled to IFP status. Plaintiff also argues that the complaint states a cause of action and is not subject to dismissal. Upon *de novo* review, the Court finds that plaintiff's request for documents from New York Department of Corrections and Community Supervision is in essence a request under the New York State Freedom of Information Law, N.Y. Pub. Off. Law § 89(4)(b). As noted by Magistrate Judge Baxter, plaintiff's state law request does not support a federal action. Upon review of the entire file, the Court concludes that plaintiff raises no issue that could entitle him to relief from this Court, and that leave to amend would be futile. Thus, the complaint is dismissed with prejudice without leave to amend.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 8) is accepted in its entirety; and it is further

ORDERED that plaintiff's motion (Dkt. No. 2) for *in forma pauperis* status is denied; and it is further

ORDERED that defendants' motion (Dkt. No. 3) to deny *in forma pauperis* status and dismiss the complaint with prejudice is granted; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   March 20, 2012
        Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge